IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLIE BRICE
ADC #050409                                                                        PETITIONER

v.                              CASE NO. 4:14CV00204 JM-JTK

WENDY KELLEY[1], Director
Arkansas Department of Correction                                         RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States

---

[1] Wendy Kelley replaced Roy Hobbs as Director of the Arkansas Department of Correction. Under Federal Rule of Civil Procedure 25(d), Wendy Kelley is automatically substituted as Respondent in this matter.

District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

### Introduction

Before the Court is the Petition for Writ of Habeas Corpus filed by Charlie Brice on April 1, 2014. (DE #2). A response was filed by the Respondent on April 22, 2014. (DE #7) After reviewing the parties' briefing and the available evidence, the Court finds that the current action should be dismissed.

### Discussion

Petitioner pleaded guilty to first degree battery in the Pulaski County (Arkansas)

Circuit Court. The judgment of conviction was entered on April 8, 2008. (DE #7-1) Petitioner sought no review of his conviction in state court.

In this habeas petition, Petitioner requests relief pursuant to 28 U.S.C. § 2254 based on the grounds that his guilty plea was involuntarily made, his conviction was obtained by use of evidence that was gained as a result of an unlawful arrest, he was denied effective assistance of counsel, and he was denied his right to appeal. Respondent admits Petitioner is in her custody and that there are currently no non-futile state remedies available to him. Respondent denies, however, that Petitioner is entitled to habeas relief. The merits of these claims will not be addressed because Petitioner's claims are time-barred.[2]

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The latest potential starting date for limitation purposes was April 8, 2008, the date that Petitioner's judgment of conviction was entered, because Petitioner's guilty pleas precluded him from seeking any direct appeal under Arkansas law. Ark. R. App. Proc.—Crim. 1(a) (Except as provided by Ark. R. Crim. P. 24.3(b) there shall be no appeal from a plea of guilty). Thus, Petitioner was required to file his federal habeas petition by April 8, 2009. Petitioner did not file the current petition until April 1, 2014. There is no argument or indication that any of

---

[2]The Court would also note that Petitioner's claims are procedurally defaulted. *See Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999) ("If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted.").

the statutory exceptions to the one-year period of limitation apply. *See* 28 U.S.C. § 2244(d)(1)(B)-(D) (explaining that the limitations period will be tolled in situations where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim). Nor is there any reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). The failure of Petitioner's trial counsel to inform him of his right to appeal does not excuse the nearly five-year gap between his conviction and his petition for habeas corpus. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Baker v. Norris*, 321 F.3d 769, 771-72 (8th Cir. 2003) ("[W]e cannot endorse Baker's argument that the Act's title provides an excuse for her not being aware of the one-year statute of limitations."). Accordingly, the Court finds that the Petitioner's petition is time-barred.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

**Conclusion**

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (DE #2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

SO ORDERED this 2nd day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE